(Not for Publication)                                    (Docket Entry No. 14, 15)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

MARIE V. TORTU,                           :
                                          :
              Plaintiff,                  :
                                          :
       v.                                 :        Civil No. 06-3952 (RBK)
                                          :
A-1 QUALITY LIMOUSINE                     :
SERVICE;THE PARTY RIDE;                   :
BRUNILDA FELICIANO; and                   :
CYRIL TEEKASINGH,                         :
                                          :
              Defendants.                 :
_____:

**KUGLER**, United States District Judge:

       Before the Court is a motion by Defendants A-1 Quality Limousine Service, Inc. and

Brunilda Feliciano ("Defendants") for summary judgment on the Complaint of Plaintiff Marie V.

Tortu ("Plaintiff").  For the reasons expressed below, the Court denies Defendants' motion.

## I.      BACKGROUND

       This case arises out of a motor vehicle accident on the Garden State Parkway on August

22, 2004 at about 3:00 a.m.  A bus owned by Defendant A-1 Quality Limousine Service was

transporting a group of passengers from Long Island, New York to Atlantic City, New Jersey.

The bus, driven by Defendant Feliciano, experienced mechanical difficulties and was forced to

pull over to the right shoulder at around milepost 47 of the Parkway.  New Jersey State Police

Trooper Frank Chirichillo discovered the disabled bus while on a routine patrol, and he

permitted Feliciano to remain parked on the shoulder.  Two additional buses arrived later and

1

transported the passengers away from the disabled bus.  At some point a mechanic, Defendant Cyril Teekasingh, arrived in a van that he parked several feet in front of the bus.[1]

Meanwhile, Plaintiff Tortu was also driving on the Parkway.  Tortu was employed as a limousine driver with Absolute Limousine, Inc.  She had picked up a passenger in Atlantic City at about 11:00 p.m. on August 21 and was returning from dropping the passenger off around Clifton, New Jersey.  At around 3:00 a.m., Tortu was driving in the southbound right lane of the Parkway at a speed of about 65-70 miles per hour when she suddenly struck the rear of the disabled bus.  Tortu suffered grievous personal injuries and is now a quadriplegic.

Plaintiff filed a one-count Complaint in this court on August 21, 2006, alleging that the accident was caused by the negligence of Defendants A-1, Feliciano, The Party Ride, and Teekasingh. On February 7, 2008, the Defendant A-1 and Feliciano (the only defendants who appear to have answered the Complaint) moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party."  Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence

---

[1] As will be discussed later, the parties dispute whether warning lights, flares, or reflective triangles were placed around the disabled bus.

of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [here]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III.   DISCUSSION

Plaintiff's Complaint alleges negligence on the part of the Defendants.  A finding of negligence requires (1) the existence of a duty; (2) Defendants' breach of that duty; (3) a showing that the breach was the proximate causation of the plaintiff's harm; and (4) actual damages.  See Weinberg v. Dinger, 524 A.2d 366, 373 (N.J. 1987); Bennett v. Real Prop. Servs. Corp., 66 F. Supp. 2d 607, 614 (D.N.J. 1999).  For her claims to survive this motion for summary judgment, Plaintiff must be able to point to some evidence that Defendants breached the applicable standard of care and that the breach was the actual and legal cause of her injuries. The Court also notes that "the New Jersey courts have demonstrated a strong reluctance to

decide issues of common law negligence as a matter of law." Cordy v. Sherwin Williams Co., 975 F. Supp. 639, 645 (D.N.J. 1997) (citations omitted).

Defendants owed Plaintiff, as a fellow motorist, a duty of reasonable care in the operation of the bus on the highway, and Plaintiff argues that Defendant had an additional duty to comply with federal and state regulations requiring lights and signs to warn motorists of disabled commercial vehicles. See Goldstone v. Tuers, 459 A.2d 691, 692 (N.J. Super. Ct. App. Div. 1983) ("It is a firmly settled principle of law that a person has the right to assume that the driver of an automobile will exercise reasonable care and observe the standard of conduct required of him in the use of the highway."); 49 CFR 392.22(a) (Federal Motor Carrier Safety Administration regulation requiring hazard warning signal flashers and other warning devices for commercial vehicles stopped on the shoulder of a highway for other than necessary traffic stops). Plaintiff contends that Defendant breached that duty by not placing flares, warning lights, or other signs around the bus to indicate the presence of a disabled vehicle on the roadway. Defendants do not contest the applicability of the statutory requirements but instead argue that the evidence shows that they took reasonable precautions to warn oncoming motorists about the bus.

Plaintiff has shown a genuine issue of material fact regarding the visibility of the bus to oncoming motorists. Defendants point to the evidence that the bus was illuminated by its own lights as well as by the lights of Defendant Teekasingh's van and by flares set up by Trooper Chirichillo. (Defs.' Ex. E. 40:2-23; 47:13-23.) However, Trooper Chirichillo testified at his deposition that he did not recall whether the bus driver had illuminated the emergency hazard lights or put out any reflective warning signs, and he testified that he thought he had put flares in the roadway but they may have been extinguished by the time the accident occurred. (Pl.'s Ex.

B., Chirichillo Dep. 32:19-33:25.)  Plaintiff testified that she saw no lights or vehicles before the accident.  (Pl.'s Ex. E., Tortu Dep. 71:3-16.)  Plaintiff has shown an issue of material fact regarding whether Defendants breached their duty to "take reasonable precautions to prevent the occurrence of foreseeable harm to others."  Weinberg, 524 A.2d at 374.

Defendants argue that even if they did breach a duty they owed to Plaintiff, the breach was not the cause of her injuries.  There is evidence tending to show that Plaintiff either fell asleep while driving or was distracted by another vehicle on the road passing her, and Defendants argue that these factors make the visibility of the bus immaterial.  (Defs.'Ex. B 71:17-72:14; Ex. C 21:10-12.)  Defendants urge the Court to conclude that "no rational finder of fact" could conclude that Plaintiff was awake and point to the various evidence showing that she fell asleep at the wheel.  The Court declines to draw this conclusion.  Plaintiff denies that she fell asleep, and on a motion for summary judgment, the Court accepts Plaintiff's version of the events as true.

The evidence regarding whether Plaintiff was unduly distracted by another vehicle is relevant to whether Plaintiff shares responsibility for the accident but will not bar her claims entirely at this point.  Under New Jersey law, "contributory negligence shall not bar recovery in an action by any person. . . to recover damages for negligence resulting in. . . injury. . . if such negligence was not greater than the negligence of the person against whom recovery is sought or was not greater than the combined negligence of the persons against whom recovery is sought."  N.J.S.A. § 2A:15-5.1.  Where questions of liability are in dispute, the New Jersey Comparative Negligence Act directs the trier of fact to make findings of fact on the "extent, in the form of a percentage, of each party's negligence of fault."  N.J.S.A. § 2A:15-5.2.

A jury must determine whether Defendants did fail to properly carry out their duty to take reasonable precautions.  If Defendants introduce evidence tending to show that Plaintiff's conduct was "wrongful and causally contributed to the injuries [s]he sustained," a jury may also determine whether her negligence was greater than, equal to, or less than Defendants' negligence.  <u>Bencivenga v. J.J.A.M.M., Inc.</u>, 609 A.2d 1299, 1305 (N.J. Super. Ct. App. Div. 1992.)  Where, as here, issues of material fact prevent the Court from determining liability as a matter of law, this allocation of percentages of responsibility is an issue reserved for the finder of fact.

## IV.    CONCLUSION

Because genuine issues of material fact regarding liability and comparative negligence remain, the Court cannot conclude that Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is denied.


Dated:    8/18/08                                    /s/ Robert B. Kugler
                                            ROBERT B. KUGLER
                                            U.S. DISTRICT JUDGE

6